**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EVIE ELLIS,** | ) | **CIVL ACTION NO.** |
| **Plaintiff,** | ) | |
| **v.** | ) | **COMPLAINT** |
| **RESURGENT CAPITAL SERVICES,** | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA"). This law prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Evie Ellis is an adult individual residing in the Commonwealth of Pennsylvania.

5. Defendant Resurgent Capital Services (hereafter "Resurgent") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 55 Beattie Place, Suite 110 MS 576, Greenville, SC 29602. The

principal purpose of Defendant is the collection of debts already in default using mail and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt owed to Citibank, N.A. and attempted to collect said debt from Plaintiff (hereafter the "Debt").

7. The alleged Debt arose out of a transaction which was primarily for personal, family or household purposes.

8. At all times pertinent, Plaintiff disputes the Debt.

9. On or about January 14, 2026, Resurgent wrote and sent to Plaintiff by U.S. mail a collection or "dunning" letter (hereafter the "1/14/26 Letter") which falsely represented that Plaintiff owed $1,990.51 and attempted to coerce Plaintiff into paying the Debt, with the intent to annoy, harass, and abuse such persons contacted. Resurgent also stated in the 1/14/26 Letter that, due to the age of the Debt, LVNV Funding LLC can neither sue for the Debt nor report it to any credit reporting agencies. In addition, Resurgent stated that Plaintiff can dispute the Debt by February 21, 2026.

10. Notwithstanding the above, on or about March 4, 2026, Plaintiff wrote and sent by U.S. mail a validation letter (hereafter the "3/4/26 Letter") to Resurgent disputing the Debt and requesting validation of the Debt. In addition, Plaintiff stated in the 3/4/2026 Letter *inter alia* that Resurgent is not to communicate with Plaintiff concerning the alleged Debt and should cease contacting her, and that any communication from Defendant should strictly pertain to validation of the Debt.

11. Notwithstanding the above, on or about March 12, 2026, Resurgent wrote and sent to Plaintiff by U.S. mail a collection or "dunning" letter (hereafter the "3/12/26 Letter") which

falsely represented that Plaintiff owed $1,990.51 and attempted to coerce Plaintiff into paying the Debt, with the intent to annoy, harass, and abuse such persons contacted. Resurgent also stated in the 3/12/26 Letter that due to the age of the Debt LVNV Funding LLC can neither sue for the Debt nor report it to any credit reporting agencies. In addition, Resurgent enclosed an account summary which stated the current balance due was $1,990.51, the charge-off date was July 26, 2015, the charge-off amount was $2,867.97, the account was acquired on or about Feb. 26, 2016, and the balance at acquisition was $2,860.50.

12. Notwithstanding the above, on or about May 4, 2026, Plaintiff wrote and sent by U.S. mail a letter to Resurgent notifying them to cease all communication regarding the Debt. In addition, she reiterated that due to the age of the Debt and the statute of limitations that she cannot be sued for the Debt and it cannot be reported to any of the credit reporting agencies. Furthermore, Plaintiff notified Resurgent that she did not intend to make any payments on an expired account.

13. Notwithstanding the above, on or about May 15, 2026, Resurgent wrote and sent to Plaintiff by U.S. mail a collection or "dunning" letter (hereafter the "5/15/26 Letter") which falsely represented that Plaintiff owed $1,990.51 and attempted to coerce Plaintiff into paying the Debt, with the intent to annoy, harass, and abuse such persons contacted. Resurgent also stated in the 5/15/26 Letter that due to the age of the Debt LVNV Funding LLC can neither sue for the Debt nor report it to any credit reporting agencies. In addition, Resurgent enclosed an account summary which stated the current balance due was $1,990.51, the charge-off date was July 26, 2015, the charge-off amount was $2,867.97, the account was acquired on or about Feb. 26, 2016, and the balance at acquisition was $2,860.51.

14. Notwithstanding the above, on or about June 9, 2026, Resurgent wrote and sent to Plaintiff by email a collection or "dunning" letter which falsely represented that Plaintiff owed

$1,990.51 and attempted to coerce Plaintiff into paying the Debt, with the intent to annoy, harass, and abuse such persons contacted. Resurgent also notified Plaintiff that they offer installment plans if Plaintiff is unable to make the entire payment at once.

15. Defendant acted in a false, deceptive, misleading and unfair manner by misrepresenting the amount, character or legal status of a Debt.

16. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a Debt.

17. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect a Debt.

18. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its agent's actions within compliance of these statutes but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

19. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy including from unauthorized users and/or intrusions into her highly sensitive and intimate personal information,

out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, and the physical symptoms of her emotional distress, and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - VIOLATIONS OF THE FDCPA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

25. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

26. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(c), 1692d, 1692e(2)(A), 1692e(10), and 1692f, as evidenced by the following conduct:

(a) Communicating with Plaintiff after Plaintiff had notified Defendant to cease contacting Plaintiff;

(b) Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(c) The false representation of the amount, character or legal status of a debt;

(d) Using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(e) Using unfair or unconscionable means to collect or attempt to collect any debt.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the Debt.

28. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

**JURY TRIAL DEMAND**

29. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorney's fees; and

(d) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY: */s/ Mark D. Mailman*__________________
MARK D. MAILMAN, ESQUIRE
JOSEPH L. GENTILCORE, ESQUIRE
WILLIAM J. COOPER, ESQUIRE
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600
jgentilcore@consumerlawfirm.com

Dated: November 5, 2026

***Attorneys for Plaintiff***